CORY BIRNBERG, CSBN 105468
JOSEPH SALAMA, CSBN 212225
Birnberg & Associates
  703 Market Street, Suite 600
  San Francisco, CA 94103
  Telephone: (415) 398-1040
  Facsimile:  (415) 398-2001
Attorneys for Plaintiff Stephanie Ruscigno

KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JULIE A. ARBUCKLE (CSBN 193425)
Assistant United States Attorney
  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-7102
  Facsimile: (415) 436-6748
Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHANIE L. RUSCIGNO,   )<br>               Plaintiff,   )<br>         v.                            )<br>                                           )<br>UNITED STATES OF AMERICA;   )<br>GENERAL SERVICES                  )<br>ADMINISTRATION                    )<br>                                           )<br>               Defendants.   )<br>_____) | CASE NO. C 04-0840 CW<br><br>STIPULATION AND ORDER OF COMPROMISE SETTLEMENT |

        IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that the above-captioned personal injury action (the "Action") brought pursuant to the Federal Tort Claims Act be settled and compromised on the following terms:

        1.        Defendant United States of America (the "United States") shall pay to Plaintiff Stephanie L. Ruscigno ("Plaintiff") and her counsel, Birnberg & Associates, the sum of $13,500 for which IRS Forms 1099 shall be issued.  The parties agree that this amount of $13,500 is in

C 04-0840 CW  −  STIPULATION AND [PROPOSED] ORDER OF COMPROMISE SETTLEMENT              1

exchange for Plaintiff releasing and dismissing all claims for compensatory and special damages, back pay, front pay, interest, attorneys' fees, costs, restitution, and any other form of legal or equitable recovery relating to or arising out of the acts, omissions, and/or events alleged in the Complaint Plaintiff filed in this Action on March 4, 2004, including but not limited to the incidents that occurred at the Oakland Federal Building on January 11, 2000 and July 26, 2000. The parties understand that this amount includes full satisfaction of all claims for attorneys' fees and costs arising out of all stages of litigation, including, but not limited to, the processing of the Plaintiff's administrative and district court complaints in connection with the Action.

2. Plaintiff will accept the terms described in paragraph 1 in full settlement and satisfaction of any and all claims and demands which she, her successors or assignees may now have or hereafter acquire against the United States of America (the "United States"), the United States General Services Administration (the "GSA"), or any of their past and present officials, agents, employees, attorneys, or insurers.

3. In consideration of this Agreement and the payment of the foregoing amount thereunder, Plaintiff agrees that upon notification that the settlement check is ready, her counsel will execute and e-file a Request for Dismissal with prejudice of this entire Action consistent with the terms of this Agreement.  Upon receipt of the executed Request for Dismissal from Plaintiff's counsel, the United States' counsel will release the settlement check to Plaintiff's counsel.

4. Plaintiff agrees to cooperate with the United States in connection with taking whatever steps are necessary to obtain the dismissal with prejudice of any pending administrative complaints or charges against the United States, the GSA, or any of their past and present officials, agents, employees, attorneys, or insurers.  Plaintiff agrees that she has not filed and will not file any other charges, complaints, lawsuits, or other claims that relate to or arise out of the acts, omissions, and/or events alleged in the Complaint Plaintiff filed in this Action on March 4, 2004, including but not limited to the incidents that occurred at the Oakland Federal Building on January 11, 2000 and July 26, 2000.

5. Plaintiff hereby releases and forever discharges the United States, the GSA, and

any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, or known or unknown, which relate to or arise out of the acts, omissions, and/or events alleged in the Complaint Plaintiff filed in this Action on March 4, 2004, including but not limited to the incidents that occurred at the Oakland Federal Building on January 11, 2000 and July 26, 2000.

6. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff has been informed of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning the claims released in this Agreement and the liability of the government for damages for such claims are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

7. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party that arises out of the claims released and discharged herein.

8. This Agreement is a compromise settlement of disputed claims and demands, which settlement does not constitute an admission of liability, fault, or wrongdoing on the part of the United States, the GSA, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's Complaint in this Action.

9. If any hospital, doctor, medical facility, health care provider, employer, insurance carrier, or other entity, including but not limited to Medi-Cal and its successors and assigns, has

asserted or asserts in the future any claim(s), liabilities, damages, interest(s), or lien(s) of any kind and nature whatsoever arising out of the incidents and/or events that occurred at the Oakland Federal Building on January 11, 2000 and July 26, 2000, this Action, or the settlement of this Action, Plaintiff shall be solely responsible for paying any such claim(s), liabilities, damages, interests, or liens, and shall indemnify and hold harmless the United States and the GSA from any liability incurred for such claim(s), liabilities, interests, damages, or liens.

10. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any determined withholding or income tax liability from any government agency thereof. Plaintiff will indemnify and hold harmless the United States and the GSA from any liability incurred from any government agency arising out of any failure by Plaintiff to pay for any liability she might incur from any government agency.  Plaintiff acknowledges neither the United States, nor the GSA have made any representations as to any tax liability she may incur as a result of this settlement.

11. Plaintiff has been informed that payment may take sixty days or more to process from the date Plaintiff executes this Agreement and returns it to the United States' counsel.

12. Plaintiff acknowledges and agrees that she has thoroughly reviewed the entire Agreement, has discussed its terms with her attorney, and understands its provisions.

13. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court.  The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

14. Each party hereby stipulates that she/it is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof.  It is acknowledged that the parties hereto have mutually participated in the preparation of this Agreement, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or his/its attorney.

15. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

16. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto. Plaintiff represents she is a disabled veteran, was on Prednisone, has rheumatoid arthritis, was in an automobile wreck, has Post Traumatic Stress Disorder, suffered stress in litigation, and therefore, no longer wishes to pursue this matter further, but acknowledges and agrees that she has fully reviewed this Agreement with her attorneys, and understands and agrees to all of its terms. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

Dated: September 16, 2005                    /s/
                                             STEPHANIE L. RUSCIGNO.
                                             Plaintiff

                                             KEVIN V. RYAN
                                             United States Attorney

Dated: September 16, 2005                    /s/
                                             JULIE A. ARBUCKLE
                                             Assistant United States Attorney
                                             Attorneys for Defendant United States of America

### ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 9/20/05                               _____
                                             CLAUDIA WILKEN
                                             United States District Judge

C 04-0840 CW  -  STIPULATION AND [PROPOSED] ORDER OF COMPROMISE SETTLEMENT                    5